JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MATTHEW BOMBERGER

### DEFENDANTS
COUNTY OF LANCASTER PUBLIC DEFENDER'S OFFICE

(b) County of Residence of First Listed Plaintiff   LANCASTER
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   LANCASTER
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
SAMUEL DION ESQ.
DION & GOLDBERGER
1845 WALNUT STREET, SUITE 1199, PHILADELPHIA, PA 19103

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** |  | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise |  | ☒ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
|  |  | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** |  | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 555 Prison Condition |  |  |  |
|  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FEDERAL QUESTION

Brief description of cause:
FMLA VIOLATION

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
06/13/2017

SIGNATURE OF ATTORNEY OF RECORD
*/s/*

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Matthew Bomberger : CIVIL ACTION

v.

County of Lancaster
Public Defender's Office : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (✓)

6/8/17                Samuel A. Dion             Plaintiff, Matthew Bomberger
Date                  Attorney-at-law            Attorney for

215-546-6033          215-546-6269               samueldion@aol.com
Telephone             FAX Number                 E-Mail Address

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2627 Lititz Pike, Lancaster, PA 17601

Address of Defendant: 150 N. Queen Street, Lancaster, PA 17603

Place of Accident, Incident or Transaction: 150 N. Queen Street, Lancaster, PA 17603
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☑

Does this case involve multidistrict litigation possibilities?   Yes☐  No☑

RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    (Please specify) FMLA

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Samuel A. Dion, counsel of record do hereby certify:
☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☑ Relief other than monetary damages is sought.

DATE: 6/8/17      Samuel A. Dion      55761
                  Attorney-at-Law      Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/8/17      Samuel A. Dion      55761
                  Attorney-at-Law      Attorney I.D.#

CIV. 609 (5/2012)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MATTHEW BOMBERGER :
: No.
v. :
: **JURY TRIAL DEMANDED**
COUNTY OF LANCASTER PUBLIC :
DEFENDER'S OFFICE :

**CIVIL ACTION COMPLAINT**

COMES NOW, Plaintiff, by counsel, and complains of defendants as follows:

JURISDICTION

1. This matter has federal jurisdiction pursuant to the Family and Medical Leave Act of 1993 (hereinafter "FMLA"), 29 U.S.C. Section 2601, et seq.

PARTIES

2. Plaintiff, Matthew Bomberger, is an adult individual who resides at 2627 Lititz Pike, Lancaster, PA 17601.

3. Defendant, County of Lancaster Public Defender's Office, is a municipal corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania with a business address of 150 N. Queen Street, Lancaster, Pennsylvania 17603.

FACTS

4. The defendant was, at all times material hereto, an "employer" pursuant to the FMLA in that it is a public agency and employed 50 or more employees within a 75-mile radius of plaintiff's work location.

5. During all times material to this matter, plaintiff was an eligible employee under the FMLA because he had been employed with defendant for more than one year and he worked at least 1250 hours in the 12 months prior to taking the medical leaves noted in this Complaint.

6. On September 5, 2001, plaintiff commenced employment with defendant as an Assistant Public Defender.

7. Plaintiff's supervisors included Chief Public Defender James J. Karl.

8. Plaintiff was out of work between March 3, 2014 and March 7, 2014 while he was suffering from pneumonia and swine flu (hereinafter "first FMLA leave").

9. Upon my return from my first FMLA leave, Mr. Karl expressed to me his disappointment that plaintiff missed work the prior week.

10. On or about June 26, 2014, plaintiff was hospitalized due to suffering a cardiac event.

11. Plaintiff remained out of work or was totally disabled for about 12 consecutive days between about June 26, 2014 and about July 7, 2014 due to the aforementioned cardiac event (hereinafter "second FMLA leave").

12. On July 8, 2014, Mr. Karl criticized plaintiff's decision to take medical leave for his cardiac event.

13. During all times material hereto, plaintiff was entitled to take up to 12 work weeks of FMLA leave in that he had not taken 12 weeks of FMLA leave in the 12 months prior to April 2014.

14. At all times material hereto, plaintiff provided notice to defendant of his need to take FMLA protected leave for both the first and second FMLA leaves described above as soon as practicable.

15. In doing so, plaintiff did not have to use, the term "FMLA." Instead, plaintiff informed defendant on both occasions that he suffered from a medical condition that may be considered to be a serious health condition, and that he would have to miss at least four (4) consecutive days of work on both occasions.

16. At no time did plaintiff exceed his allotted 12 weeks of FMLA protected leave prior to his termination date.

17. During both occasions of FMLA leave, Plaintiff's treating physicians were health care providers as defined by the FMLA.

18. During both occasions of FMLA leave, plaintiff was diagnosed with a serious health condition during the period that he took the aforesaid FMLA protected leaves which rendered him unable to perform the functions of his position, and, on both occasions, he was on a plan of continuing treatment by his health care providers.

19. On July 14, 2014, only a week after his return from his second FMLA leave, defendant notified plaintiff that he was terminated purportedly for failing to prevent a bench warrant from being issued upon one of his clients.

20. Defendant's proffered reason for plaintiff's termination was false, because had plaintiff not missed work for his aforementioned FMLA-covered serious health conditions, he would not have been terminated.

21. The true reason why plaintiff was terminated was substantially because (based upon a possible mixed motive), or solely because, he took two instances of FMLA protected leave as aforesaid.

22. Defendant acted willfully and/or in bad faith in violating the FMLA.

23. Plaintiff suffered lost pay and other financial losses as a consequence of defendants' unlawful termination of his employment.

24. Plaintiff has engaged in great efforts to mitigate his damages by searching for new employment, but he has been unsuccessful in his efforts to mitigate his damages to date.

25. Plaintiff is entitled to recover reasonable attorneys' fees and costs associated with the prosecution of this lawsuit.

26. Plaintiff is entitled to recover liquidated damages in the same amount of actual damages because defendant acted willfully and/or in bad faith in violation the FMLA.

## COUNT 1-FMLA

27. Plaintiff repeats paragraphs 1-26 as if more fully set forth herein.

28. Defendant and its agents, willfully and/or in bad faith, violated the FMLA by terminating plaintiff because he exercised his rights under the FMLA and took FMLA protected leave.

29. Defendant and its agents violated the FMLA by terminating plaintiff in retaliation for taking FMLA leave.

30. As a direct result of defendant's unlawful conduct as described herein above, plaintiff has suffered and will continue in the future to suffer actual damages in the form of lost pay, lost bonuses, lost benefits and other financial losses.

31. Plaintiff is entitled to liquidated damages in an amount, which is equal to actual damages because defendant willfully, and/or in bad faith, violated the FMLA.

32. Plaintiff is entitled to recover reasonable attorneys' fees and costs associated with the prosecution of this lawsuit.

33. Plaintiff is entitled to reinstatement of employment.

WHEREFORE, plaintiff demands that judgment be entered in his favor on Count 1 against defendant for lost pay, lost bonuses, lost benefits, other financial losses, liquidated damages, attorneys' fees, costs, interest, reinstatement and any other relief that this Honorable Court deems to be fair and proper.

Samuel A. Dion, Esq.
Dion & Goldberger
Signature Code: SAD2282
1845 Walnut Street, Suite 1199
Philadelphia, PA 19103
215-546-6033
Fax: 215-546-6269
Email: samueldion@aol.com

/s/ Richard Bateman
Richard B. Bateman, Jr., Esq.
21 West Second Street
Suite 300
Media, PA 19063
610-566-3322
Fax: 610-548-9986
Email: batemanlaw@aol.com

Date: June 7, 2017                Attorneys for Plaintiff